# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>BRIAN WAYNE POOLE | ORDER OF DETENTION PENDING<br>REVOCATION HEARING<br>Case Number: **1:01-CR-104** |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).

☐ an offense for which the maximum sentence is life imprisonment or death.

☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

The testimony at the hearing clearly established that defendant has been a management problem the entire year he has been on supervised release. In August 2005, he was put on a weekly substance abuse program. Between that time and May 2006, he completed only two recent sessions. He was living with his girlfriend until May 11, when he left that residence. However, he did not tell his probation officer, and to this date has not reported any new address. He is considered an absconder. At some point his (continued on attached page)

## Part II - Written Statement of Reasons for Detention

I find that defendant has failed to show by clear and convincing evidence that there are conditions or a combination of conditions that will assure the safety of the community or the presence of the defendant, particularly in light of his record over the past year for being unmanageable and the fact that he is presently considered to be an absconder.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: August 11, 2006

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Brian Wayne Poole
1:01-CR-104
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.

**Alternate Findings (B)** - (continued)

    employment terminated, but he never reported this to his probation officer. Defendant failed to attend urinalysis appointments on April 21, May 13, July 21, July 29, and August 1, of this year. Further, on July 13, 2006, he avoided multiple attempts to obtain a urine specimen, and also on that date failed to report to the probation office as instructed. Defendant has also been found with a device that would allow him to provide a fraudulent urine sample. Prior to being placed to supervised release, defendant was at CAP, but tested positive for marijuana upon entry into the supervised release program. There is some evidence that defendant may have been involved in a bank robbery (he was found in possession of a dye packet), but that investigation is continuing.